# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| CHARLES EDWARD DEMING, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:12-CV-86 (WLS) |
| FREDS STORES OF TENNESSEE, INC., and BUFFALO ROCK CO., | : |
| Defendants. | : |

## ORDER

Presently pending before the Court is Defendant Buffalo Rock's Motion for Summary Judgment (Doc. 46), Defendant Fred's Stores of Tennessee, Inc.'s Motion for Summary Judgment (Doc. 48), Motion to Strike Exhibit "L" of the Motion for Summary Judgment Filed by Buffalo Rock Company (Doc. 51), and Defendant Fred's Stores of Tennessee, Inc.'s Motions in Limine (Doc. 67). For the following reasons, Defendant Buffalo Rock's Motion for Summary Judgment (Doc. 46) is **GRANTED,** and Defendant Fred's Stores of Tennessee, Inc.'s Motion for Summary Judgment (Doc. 48), Motion to Strike Exhibit "L" of the Motion for Summary Judgment Filed by Buffalo Rock Company (Doc. 51), and Defendant Fred's Stores of Tennessee, Inc.'s Motions in Limine (Doc. 67) are **DENIED.**

## BACKGROUND

On May 10, 2012, Plaintiff filed a complaint against Defendant Fred's Stores of Tennessee, Inc. ("Fred's") in Dougherty County Superior Court. (Doc. 1-3.) Plaintiff alleged that he suffered damages in excess of $92,974.12 after he slipped and fell on water that had spilled in a Fred's Store in Albany, Georgia. (*Id.*) The case was removed to this Court on June 18, 2012. (Doc. 1.) On January 8, 2013, Plaintiff filed an amended complaint, and added as Defendants Pepsi Cola Advertising and Marketing, Inc. ("Pepsi") and Buffalo Rock Company ("Buffalo Rock"). (Doc. 17.) On January 14, 2013,

1

Defendant Fred's answered the amended complaint and filed a crossclaim against Defendant Buffalo Rock, the company that serviced the cooler that Plaintiff alleged leaked the water that he slipped on. (Doc. 21.) On February 8, 2013, Defendant Buffalo Rock answered the amended complaint and filed a crossclaim against Defendant Fred's. (Docs. 26 & 27.) Defendant Pepsi was dismissed from the case on September 18, 2013, with the consent of the Parties. (Doc. 40.)

On January 30, 2014, Defendant Buffalo Rock filed a Motion for Summary Judgment. (Doc. 46.) On February 10, 2014, Plaintiff filed a response to that motion and asserted his agreement that that Defendant was entitled to summary judgment. (Doc. 49.) However, on February 21, 2014, Plaintiff filed a supplemental response stating that "if the Court would intend to allow Defendant Fred's to attempt to assign fault against Buffalo Rock . . . (assuming Defendant Buffalo Rock is dismissed from the instant case) upon the trial of the case, counsel for Plaintiff would strenuously object to the Court granting" Defendant Buffalo Rock's motion for summary judgment. (Doc. 55.) Defendant Fred's concurred with Defendant Buffalo Rock that neither party had notice of the dangerous condition. (Doc. 53.) Defendant Buffalo Rock filed a reply on February 21, 2014. (Doc. 56.) As such, Defendant Buffalo Rock's Motion for Summary Judgment is ripe for review. M.D. Ga. L.R. 7.3.1.

On February 5, 2014, Defendant Fred's filed a Motion for Summary Judgment. (Doc. 48.) Plaintiff responded to that motion on February 21, 2014, and attached one affidavit as purported evidence that Defendant Fred's had actual knowledge of the dangerous condition that caused Plaintiff's injuries. (Doc. 54.) The time to file additional briefing has elapsed. Thus, Defendant Fred's Motion for Summary Judgment is ripe for review. M.D. Ga. L.R. 7.3.1.

On February 20, 2014, Defendant Fred's filed a Motion to Strike Exhibit "L" of the Motion for Summary Judgment Filed by Buffalo Rock Company. (Doc. 51.) Buffalo Rock responded the same day. (Doc. 52.) Because the time to file additional briefing has elapsed, Defendant Fred's Motion for to Strike is ripe for review. M.D. Ga. L.R. 7.3.1.

On May 9, 2014, Defendant Fred's filed Motions in Limine. (Doc. 67.) Plaintiff filed a response on May 14, 2014. (Doc. 68.) The time to file a reply has elapsed. As such, Defendant Fred's Motion in Limine is ripe for review. M.D. Ga. L.R. 7.3.1.

## ANALYSIS

I. **SUMMARY JUDGMENT MOTIONS**

   A. **Federal Rule of Civil Procedure 56[1]**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Chow v. Chak Yam Chau*, No. 12-15994, 2014 WL 92094, *3 (11th Cir. Jan. 10, 2014) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Grimes v. Miami Dade Cnty.*, No. 12-14291, 2014 WL 114125, *2 (11th Cir. Jan. 14, 2014) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by demonstrating to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24. Once the movant has

---

[1] On summary judgment in a diversity case, Federal Rule of Civil Procedure 56 is applied. *See Reinke v. O'Connell*, 790 F.2d 850, 851 (11th Cir. 1986).

3

met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than summarily deny the allegations or 'show that there is some metaphysical doubt as to the material facts.' " *Matsuhita*, 475 U.S. at 586 (citations omitted). Instead, the nonmovant must point to competent record evidence that would be admissible at trial. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form."). Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant. *See* Fed. R. Civ. P. 56©(4).

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56©.

### B. **Local Rule 56**

Local Rule 56 requires the following:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.

M.D. Ga. L.R. 56. Here, Defendants properly filed summary judgment motions with statements of undisputed facts, as is required by the Federal Rules of Civil Procedure and the Local Rules of this Court. (*See* Docs. 46 & 48.) Likewise, Plaintiff filed the

4

proper response to Defendants' statements of material facts. (Doc. 54.) Having established the applicable standards, the Court will proceed to the facts.

### C. Relevant Factual Background

The following facts are derived from the Amended Complaint (Doc. 17); Defendants' Answers (Docs. 21 & 28); Defendants' Statements of Undisputed Facts (Docs. 46 & 48); Plaintiff's Response to Defendants' Statements of Material Facts (Doc. 54); and the record in this case. Where relevant, the factual summary also contains undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in a light most favorable to Plaintiff as the nonmoving party. *See* Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 322-23.

On February 27, 2011, Plaintiff entered the Fred's Store in Albany, Georgia on Slappey Avenue to purchase Slim Jims. (Docs. 46-2 at ¶ 2, 46-9 at 8-9, 48-1 at ¶ 2.) Plaintiff slipped on a puddle of water that was near a Pepsi-Cola cooler between Register Aisles 3 and 4. (Doc. 48-1 at ¶ 3; 48-2 at 2.) No one witnessed Plaintiff's slip and fall, but he reported his fall to Fred's employee Stephanie Gordon. (Doc. 46-9 at 6.) Although Fred's employee Laconyea Lynn was not aware of any water on the floor near the Pepsi cooler, Ms. Gordon knew water was on the floor but attended to a customer at her register before cleaning it up or otherwise addressing it. (Docs. 48-2 & 54.) Ms. Gordon knew that the Pepsi cooler leaked occasionally, but did not inform any employee of Defendant Buffalo Rock of the problem, and does not know whether any other employee of Fred's did so. (Doc. 54 at ¶ 10.)

Defendant Buffalo Rock is a Pepsi-Cola bottler and placed Pepsi products in the Fred's Store in Albany, Georgia pursuant to a Customer Development Agreement. (*Id.* at ¶ 4.) That Agreement states that Defendant Buffalo Rock is "solely responsible for repairing, cleaning and maintaining the [cooler] in good working order and condition," but places the onus on Defendant Fred's to notify Defendant Buffalo Rock of any need for repair. (*Id.* at ¶¶ 5 & 6.) Employees of Defendant Buffalo Rock stocked the cooler at issue on February 22, February 25, and March 4, 2011, an act which requires one to get

down on his or her knees.  (Doc. 46-3 at ¶¶ 5-6.)  Those employees did not notice any water accumulated on the floor.  (Docs. 46-3—46-5.)

### D. Premises liability under Georgia law

Under Georgia law, "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such person for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."  Ga. Stat. Ann. § 51-3-1.  In a slip and fall case, a "plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control." *Am. Multi-Cinema, Inc. v. Brown*, 679 S.E.2d 25, 27-28 (Ga. 2009).  "In this type of case the plaintiff may make out a cause of action by showing an act or omission on the part of the defendant which was the proximate cause of his injury and which could not have been avoided by the plaintiff through the exercise of ordinary care."  *Mairs v. Whole Foods Market Group, Inc.*, 694 S.E.2d 129, 131 (Ga. App. 2010) (quoting *Alterman Foods v. Ligon*, 272 S.E.2d 327 (Ga. 1980)).

#### i. Buffalo Rock

Defendant Buffalo Rock argues that it is entitled to summary judgment because there is no evidence that it had any knowledge of a problem with the cooler or the water spill, or that it was otherwise negligent in the performance of any of its duties. (*See* Doc. 46-1.)  Plaintiff opposes summary judgment in favor of Defendant Buffalo Rock only to the extent that Defendant Fred's seeks to apportion fault to Defendant Buffalo Rock under Ga. Stat. Ann. § 51-12-33.  (Doc. 55.)  Defendant Fred's does not provide any reason that Defendant Buffalo Rock should be denied summary judgment, except, at least arguably, to the extent that Defendant Fred's moves to strike Defendant Buffalo Rock's "Exhibit L."  (Docs. 51 & 53.)

The Court finds that Defendant Buffalo Rock is entitled to summary judgment. Defendant Buffalo Rock has provided three affidavits of its employees that state that Defendant Fred's did not bring to Defendant Buffalo Rock's attention any information

6

that would suggest that the Pepsi-Cola cooler had any mechanical problems or had previously leaked water. Further, the affidavits of the employees at the Fred's Store in Albany, Georgia, stated that they had no knowledge as to whether any mechanical issues with the cooler had been brought to Defendant Buffalo Rock's attention. Also, Plaintiff admitted in his interrogatories and first response to the referenced motion for summary judgment that he had no evidence to suggest that Defendant Buffalo Rock had actual or constructive knowledge of any problem with the water cooler. Because no evidence has been introduced to suggest that Defendant Buffalo Rock had the requisite knowledge to impose premises liability, it is entitled to summary judgment.

Further, there is no indication that the possibility that Defendant Fred's will attempt to assign fault to Defendant Buffalo Rock "abrogates a trial court's authority . . . to grant summary judgment in an appropriate case." *See Reed v. Carolina Cas. Ins. Co.*, 755 S.E.2d 356, 359 (Ga. App. 2014) (citations omitted). As to Defendant Fred's' Motion to Strike, "Exhibit L" was not considered in relation to Defendant Buffalo Rock's Motion for Summary Judgment. At best, that document involves facts that suggest Defendant Fred's is not entitled to summary judgment as opposed to facts that suggest Defendant Buffalo Rock is or is not entitled to the same. The Motion to Strike is addressed below. For the reasons stated above, Defendant Buffalo Rock's Motion for Summary Judgment (Doc. 46) is **GRANTED.**

### ii. Fred's

Defendant Fred's argues that it is entitled to summary judgment because (1) there is no evidence that it had actual or constructive knowledge of the water on the floor, and (2) there is insufficient evidence of causation because Plaintiff has not identified an expert physician to testify at trial. (*See* Doc. 48-1.) In Plaintiff's response, he states that an affidavit he submitted that was prepared by Stephanie Gordon is sufficient evidence that Defendant Fred's had actual knowledge of the water on the floor. (*See* Doc. 54.) Also, Plaintiff states that, even though an expert witness is not required under the circumstances of this case, an expert will testify at trial. (*See id.*)

7

The Court finds that Defendant Fred's is not entitled to summary judgment. In her affidavit, Stephanie Gordon stated that she had knowledge of the water on the floor in front of the Pepsi-Cola cooler at issue, but rung up a customer at her register before addressing the problem. Ms. Gordon asserted that water had been cleaned from that area multiple times earlier that day, but there was no "wet floor" or other cautionary sign in that vicinity. The assertions in Ms. Gordon's affidavit would permit a jury to find that Defendant Fred's failed to use ordinary care—such as cleaning up the mess or placing a "wet floor" sign in the vicinity earlier in the day or, at the latest, before ringing up a customer—and Plaintiff was exercising ordinary care and lacked knowledge of the hazard due to Defendant's failure to place a "wet floor" sign in the vicinity of the water.

As to Defendant Fred's assertion that an expert is necessary to establish causation, "the critical question is not whether the causation element involves a 'medical question' in the generic sense of the term. Rather, it is whether, in order to decide that the defendant's conduct proximately caused the plaintiff's injury, a lay jury would have to know that answers to one or more 'medical questions' that, as the case law has defined that term, can be answered accurately only by witnesses with specialized expert knowledge." *Cowart v. Widener*, 697 S.E.2d 779, 786 (Ga. 2010).[2] There is no indication that, as a result of Plaintiff's asserted preexisting condition, a lay jury would be unable to determine whether Defendant's conduct proximately caused Plaintiff's injury. Because this case is the paradigmatic slip-and-fall case, and there is nothing to suggest that the jury is incapable of making the referenced determination, the Court finds that, as a matter of Georgia law, expert testimony is not necessary under the circumstances presented by this case.

## II. **MOTION TO STRIKE**

Defendant Fred's Motion to Strike addresses a particular exhibit produced in discovery by Plaintiff that purports to be a document compiled by an investigator hired by Plaintiff. (*See* Doc. 51.) In that document, the investigator relayed various

---

[2] In a Georgia diversity case, Georgia law answers questions regarding whether expert testimony is necessary. *See Botes v. Weintraub*, 463 F. App'x 879, 885 (11th Cir. 2012).

8

statements by Stephanie Gordon and Richard Alderman, both of whom were employees at Fred's Store in Albany, Georgia at the time of the referenced incident. (*See id.*) Defendant Fred's asserts that the document "is completely inadmissible, should be ignored by the Court in its consideration, and should be struck as evidence for all purposes." (*Id.* at 2.) That document was not considered in relation to the motion for summary judgment. No Party relied on any assertions by Mr. Alderman in support or opposition to summary judgment. The only assertions by Ms. Gordon relied on by any Party were those assertions relayed by Ms. Gordon in her affidavit. (*See* Doc. 54 at 8-9.) To the extent that Defendant Fred's intended its Motion to Strike to preclude the consideration of that document in relation to summary judgment, the Motion (Doc. 51) is **DENIED AS MOOT.** To the extent that Defendant Fred's intended that Motion to preclude the admission of the referenced document into evidence at trial, the Motion (Doc. 51) is premature because there is no indication that Plaintiff will seek to enter that document into evidence or otherwise rely on it for any purpose. For those reasons, Defendant Fred's Motion to Strike (Doc. 51) is **DENIED.**

### III. MOTION IN LIMINE

At the pretrial conference held in this matter on May 16, 2014, the Court notified the Parties that motions in limine will not be entertained by the Court unless they involve a matter that, if heard by the jury, would be so prejudicial as to result in an unfair trial even with cautionary and limiting instructions from the Court. Any matters falling outside of that category should be brought to the Court's attention by objection at trial. The Parties informed the Court that the matters involved in the Motions in Limine (Doc. 67) were not of the former type and could instead be raised by objection at trial. For that reason, Defendant Fred's Stores of Tennessee, Inc.'s Motions in Limine (Doc. 67) are **DENIED WITHOUT PREJUDICE.**

### CONCLUSION

For the following reasons, Defendant Buffalo Rock's Motion for Summary Judgment (Doc. 46) is **GRANTED,** and Defendant Fred's Stores of Tennessee, Inc.'s Motion for Summary Judgment (Doc. 48), Motion to Strike Exhibit "L" of the Motion for

Summary Judgment Filed by Buffalo Rock Company (Doc. 51), and Defendant Fred's Stores of Tennessee, Inc.'s Motions in Limine (Doc. 67) are **DENIED.** It is hereby **ORDERED AND ADJUDGED** that Plaintiff shall take nothing by his Amended Complaint (Doc. 17) as it relates to Defendant Buffalo Rock, and **JUDGMENT** shall be entered in favor of Defendant Buffalo Rock.

 **SO ORDERED**, this  21st  day of May 2014.

         /s/ W. Louis Sands
         **W. LOUIS SANDS, JUDGE**
         **UNITED STATES DISTRICT COURT**